CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

September 16, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Deneene King
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **KIRK DONOVAN RAMEY**<br>    *Plaintiff,* | ) <br> ) <br> ) |
| **v.** | ) <br> ) |
| **KROGER LIMITED PARTNERSHIP I** | )   **CASE NO.:** 7:25cv-00653 |
| | ) |
| **and** | ) <br> ) |
| **LINDSEY OLINGER,**<br>    *Defendants.* | ) <br> ) <br> ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Kirk Donovan Ramey, and brings this civil action to recover damages arising from the personal injuries he sustained when he was struck by a vehicle operated by the Defendant, Lindsey Olinger, in the Westlake Kroger parking lot in Franklin County, Virginia on January 12, 2024. Plaintiff asserts common law civil claims for: (i) negligence on the part of each defendant; and (ii) willful, wanton and reckless negligence on the part of defendant Lindsey Oliver.

## JURISDICTION AND VENUE

1. This action arises under the state laws of Virginia.

2. This Court has subject matter jurisdiction over the state claims asserted pursuant to 28 U.S.C. §§ 1332(a). The parties are citizens of different states; Plaintiff is a resident of Florida,  defendant Kroger Limited Partnership I is an Ohio limited partnership, defendant Lindsey Olinger is a resident of Virginia and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this district under 28 U.S.C. §1391(b), because (i) defendant Kroger Limited Partnership I is an Ohio limited partnership doing business in the Western

District of Virginia, (ii) defendant Lindsey Olinger is a resident of the Western District of Virginia pursuant to 28 U.S.C. § 1391(c)(2), and (iii) pursuant to 28 U.S.C. § 1391(b)(2) all of the events or omissions giving rise to the claims occurred in Franklin County in the Western District of Virginia.

## PARTIES

4. Plaintiff Kirk Donovan Ramey ("RAMEY") is a resident of Green Cove Springs, Florida.

5. Defendant Lindsey Olinger ("OLINGER") is a resident of Shenandoah County, Virginia.

6. Defendant Kroger Limited Partnership I ("KROGER") is an Ohio limited partnership authorized to conduct business in Virginia and which owns the premises where the injuries to the Plaintiff occurred.

## FACTS

7. The actions described below were captured on surveillance camera recordings from the Kroger parking lot in Hardy, Virginia.

8. On or about January 12, 2024 at or around 8:11 p.m., RAMEY parked his vehicle in the Kroger grocery store parking lot in Hardy, Virginia and exited his vehicle to walk toward the store.

9. The Kroger grocery store and its parking lot are owned by KROGER.

10. KROGER provides the parking lot for use by its customers and the parking lot is open to the public.

11. RAMEY, as a customer, was a business invitee of KROGER on January 12, 2024 when he parked in vehicle in the parking lot and walked toward the store.

12. It was raining, the parking lot was wet and it was dark at the time RAMEY parked.

13. The parking lot did not provide a sidewalk, a demarcated path of travel or any other safe path of travel for pedestrians to walk into the store after parking in the parking lot. Instead pedestrians are forced to walk in the travel lanes toward the store after parking in the lot.

14. The view toward RAMEY's path of travel toward the store from the parking lot was partially obstructed by overgrown shrubbery that had not been property trimmed.

15. As RAMEY walked across the parking lot toward the store entrance, OLINGER approached in a gray 2010 Ford Expedition.

16. OLINGER ignored and drove past a stop sign and made a left hand turn into the marked oncoming lane of the parking lot lane where RAMEY was walking, and drove directly into RAMEY, causing him to stumble and fall to the ground and roll in front of her vehicle.

17. OLINGER was driving too fast for the dark, rainy and wet conditions at the time.

18. RAMEY, who has degenerative back disease, was healing from back and neck surgery in the weeks prior to the incident, and the fall to the ground caused him to feel immediate pain at the sites of his surgical repairs.

19. After the accident, the back pain RAMEY suffered as a result of the collision substantially increased.

20. Since the accident, RAMEY has continued to suffer from debilitating pain around his surgical repairs, and has developed a stiff and awkward walking gait as a result of being hit by OLINGER.

21. Imaging in the months following the accident revealed that the healed fusion repair at RAMEY's C4-5 vertebrae was complicated by scar tissue, indicating that the healing process had been disrupted by RAMEY'S fall to the ground while the repairs were freshly healing.

22. As a result of the accident, RAMEY now requires further surgery due to the injuries he sustained when OLINGER drove into him, and his medical costs for this future surgery will exceed one hundred thousand dollars.

23. RAMEY suffered permanent and debilitating excruciating pain as result of being struck by the Ford Expedition driven by OLINGER.

24. RAMEY will require lifetime pain management due to the injuries described above.

## COUNT ONE

### NEGLIGENCE OF DEFENDANT KROGER LIMITED PARTNERSHIP I
### (Virginia Common Law Claim)

25. All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

26. KROGER had a duty of care to RAMEY as an invitee to maintain its premises, including its parking lot, in a safe condition.

27. KROGER breached its duty of care to RAMEY on January 12, 2024 by failing to provide him a safe path of travel from the parking lot to the store and by failing to maintain the shrubbery in the parking lot such that it obstructed the view RAMEY as he walked toward the store.

28. RAMEY was injured as a result of KROGER's breach of its duty of care to him.

29. The damages RAMEY incurred were directly and proximately caused by KROGER's negligence and breach of its duty of care.

## COUNT TWO

### NEGLIGENCE OF DEFENDANT LINDSEY OLIVER
(Virginia Common Law Claim)

30. All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

31. OLINGER had a duty of care to RAMEY on January 12, 2024 to drive the motor vehicle in the parking lot carefully and lawfully.

32. OLINGER breached her duty of care to RAMEY on January 12, 2024 when she drove a Ford Expedition such that: (i) she drove the Ford Expedition in a manner that was too fast and too dangerous for the dark and rainy conditions at the time; (ii) she failed to stop at the stop sign placed just before the point where she turned into the lane where RAMEY was walking toward the store; (iii) she turned and drove the Expedition into an oncoming left lane (clearly marked as such) in the opposite direction of travel, instead of staying to clearly marked proper right lane of travel; and (iv) when she failed to pay proper time and attention to RAMEY as he walked toward the store and struck him with the EXPEDITION.

33. RAMEY's injuries and damages were directly and proximately caused by OLINGER's breach of her duty of care to RAMEY.

## COUNT THREE

**WILLFUL AND WANTON NEGLIGENCE OF DEFENDANT LINDSEY OLIVER**
**(Virginia Common Law Claim)**

34. All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

35. OLINGER had a duty of care to RAMEY on January 12, 2024 to drive the Ford Expedition in the parking lot carefully and lawfully.

36. OLINGER, in conscious disregard of RAMEY's right to walk safely to the store, or with reckless indifference to his right to walk safely into the store, willfully and wantonly disregarded a stop sign and intentionally drove the Ford Expedition at a speed that was much too fast for the dark and rainy conditions in the parking lot, and she drove the Ford Expedition in such a manner that, from her knowledge of existing conditions, she knew would probably cause injury to another.

37. OLINGER breached her duty of care to RAMEY on January 12, 2024 when she drove a Ford Expedition in the Kroger parking lot such that: (i) she recklessly drove the Ford Expedition in a manner that was too fast and too dangerous for the dark and rainy conditions at the time; (ii) she wantonly failed to stop at the stop sign placed just before the point where she turned into the lane where RAMEY was walking toward the store; (iii) she turned and wantonly drove the Expedition into an oncoming left lane (clearly marked as such) in the opposite direction of travel, instead of turning into the clearly marked proper right lane of travel; and (iv) when she failed to pay proper time and

attention to RAMEY as he walked toward the store and struck him with the

EXPEDITION, thereby causing him serious and lifelong injury.

38. RAMEY is entitled to recover (a) reasonable and appropriate compensatory damages

from both KROGER and OLINGER, (b) costs and expenses, and (c) such other relief as

this Court deems necessary and proper.

**AND NOTHING FURTHER REMAINING**, Plaintiff, KIRK DONOVAN RAMEY,

requests that this Court grant him the following relief:

(a)  Judgment against each of the Defendants, jointly and severally, in the amount of

THREE MILLION DOLLARS ($3,000,000.00) and such additional damages as proven at trial;

(b)  Costs and expenses;

(c)  All such other legal and equitable relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Respectfully Submitted,

**KIRK DONOVAN RAMEY**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

**By: /s/ M. Paul Valois**
       **M. Paul Valois, Esquire**
       **Counsel for Plaintiff**
       **Virginia State Bar No. 72326**
       **mvalois@vbclegal.com**