IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KIRK DONOVAN RAMEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 7:25cv00653 |
| KROGER LIMITED PARTNERSHIP I, and LINDSEY OLINGER, | ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

COMES NOW the defendant, Kroger Limited Partnership I ("Kroger"), by counsel, and files this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, states as follows:

### JURISDICTION AND VENUE

1. Upon information and belief, Kroger admits the allegations stated in paragraph 1 of the plaintiff's Complaint.

2. With regard to paragraph 2, and upon information and belief, Kroger admits that the plaintiff is a resident of Florida and that Lindsey Olinger ("Olinger") is a resident of Virginia. It is further admitted that Kroger Limited Partnership I is an Ohio limited partnership with its principal place of business in the state of Ohio. The 1% general partner is KRGP, Inc., an Ohio corporation with its principal place of business in Ohio. The 99% limited partner is The Kroger Co., an Ohio corporation with its principal place of business in Ohio.

3. With regard to paragraph 3, Kroger admits that venue is proper.

### PARTIES

4. Upon information and belief, Kroger admits the allegations stated in paragraph 4.

5.  Upon information and belief, Kroger admits the allegations stated in paragraph 5.

6.  With regard to paragraph 6, it is admitted that Kroger Limited Partnership I is an Ohio limited partnership with its principal place of business in the state of Ohio. The 1% general partner is KRGP, Inc., an Ohio corporation with its principal place of business in Ohio. The 99% limited partner is The Kroger Co., an Ohio corporation with its principal place of business in Ohio. It is further admitted that Kroger owned and/or operated the Kroger store at issue in this case.

## FACTS

7.  With regard to paragraph 7, Kroger admits that, at least, certain portions of the incident were captured on surveillance cameras.

8.  Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 8 and, therefore, denies the same.

9.  With regard to paragraph 9, it is admitted that Kroger owned and/or operated the Kroger store at issue in this case.

10. Kroger admits the allegations stated in paragraph 10.

11. With regard to paragraph 11, Kroger admits that the plaintiff was on or near the premises of the Kroger store in question on or about the date at issue.

12. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 12 and, therefore, denies the same.

13. Kroger denies the allegations stated in paragraph 13.

14. Kroger denies the allegations stated in paragraph 14.

15. Upon information and belief, Kroger admits the allegations stated in paragraph 15.

16. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 16 and, therefore, denies the same.

17. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 17 and, therefore, denies the same.

18. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 18 and, therefore, denies the same.

19. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 19 and, therefore, denies the same.

20. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 20 and, therefore, denies the same.

21. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 21 and, therefore, denies the same.

22. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 22 and, therefore, denies the same.

23. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 23 and, therefore, denies the same.

24. Kroger is currently without sufficient information to admit or deny the allegations stated in paragraph 24 and, therefore, denies the same.

## COUNT ONE – Negligence of Defendant Kroger

25. Paragraph 25 is a general legal statement that need not be admitted or denied. To the extent that paragraph 25 states any factual allegations against Kroger, all such allegations are denied.

26. Paragraph 26 states legal conclusions that need not be admitted or denied. To the extent that paragraph 26 states any factual allegations against Kroger, all such allegations are denied.

27. Kroger denies the allegations stated in paragraph 27.

28. Kroger denies the allegations stated in paragraph 28.

29. Kroger denies the allegations stated in paragraph 29.

## COUNT TWO – Negligence of Defendant Olinger

30. Paragraph 30 is a general legal statement that need not be admitted or denied. To the extent that paragraph 30 states any factual allegations against Kroger, all such allegations are denied.

31. Paragraph 31 states legal conclusions that need not be admitted or denied. To the extent that paragraph 31 states any factual allegations against Kroger, all such allegations are denied.

32. Paragraph 32 makes allegations against Olinger only and, as such, Kroger is currently without sufficient information to admit or deny said allegations and, therefore, denies the same. To the extent that paragraph 32 states any factual allegations against Kroger, all such allegations are denied.

33. Paragraph 33 makes allegations against Olinger only and, as such, Kroger is currently without sufficient information to admit or deny said allegations and, therefore, denies the same. To the extent that paragraph 33 states any factual allegations against Kroger, all such allegations are denied.

34. Paragraph 34 makes allegations against Olinger only and, as such, Kroger is currently without sufficient information to admit or deny said allegations and, therefore, denies the same. To the extent that paragraph 34 states any factual allegations against Kroger, all such allegations are denied.

## COUNT THREE – Willful and Wanton Negligence of Olinger

35. Paragraph 35 is a general legal statement that need not be admitted or denied. To the extent that paragraph 35 states any factual allegations against Kroger, all such allegations are denied.

36. Paragraph 36 states legal conclusions that need not be admitted or denied. To the extent that paragraph 36 states any factual allegations against Kroger, all such allegations are denied.

37. Paragraph 37 makes allegations against Olinger only and, as such, Kroger is currently without sufficient information to admit or deny said allegations and, therefore, denies the same. To the extent that paragraph 37 states any factual allegations against Kroger, all such allegations are denied.

38. Paragraph 38 makes allegations against Olinger only and, as such, Kroger is currently without sufficient information to admit or deny said allegations and, therefore, denies the same. To the extent that paragraph 38 states any factual allegations against Kroger, all such allegations are denied.

39. All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

### Affirmative and Separate Defenses

Kroger states the following as its affirmative and separate defenses:

1. Kroger denies that the plaintiff's incident occurred as described in his Complaint.

2. Kroger denies being guilty of any act of negligence which proximately caused the incident in question.

3. Kroger denies breaching any legal duty owed to the plaintiff.

4. Kroger affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of his injuries, thereby barring his recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5. Kroger affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6. Kroger affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7. Kroger affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8. Kroger reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9. Kroger denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10. Kroger demands a trial by jury.

                                                  KROGER LIMITED PARTNERSHIP I

                                                  By: /s/    Victor S. Skaff, III
                                                            Of Counsel

Mary Beth Nash (VSB No. 38800)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY SKAFF & WHITE PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
mbnash@glennrob.com
vskaff@glennrob.com

*Counsel for Defendant, Kroger Limited Partnership I*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2026, a copy of the foregoing Answer was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

M. Paul Valois, Esq. (VSB No. 72326)
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
Telephone: (434) 845-4529
Facsimile: (434) 845-8536
mvalois@vbclegal.com

*Counsel for Plaintiff*

Joseph A. Piasta, Esq. (VSB No. 80801)
JOHNSON AYERS & MATTHEWS, PLC
P.O. Box 2200
Roanoke, Virginia 24009-2200
Telephone: (540) 767-2071
Facsimile: (540) 982-1552
jpiasta@jamlaw.net

*Counsel for Defendant, Lindsey Olinger*

/s/   Victor S. Skaff, III
      Of Counsel