UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KIRK DONOVAN RAMEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 7:25-cv-00653 |
| ) | |
| v. ) | |
| ) | |
| LINDSEY OLINGER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Defendant Lindsey Olinger ("Olinger" or "defendant"), comes now, by counsel, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure ("Fed. R. Civ. P."), and other applicable law, and moves the Court for an Order dismissing Count Three (Willful and Wanton Negligence) of the plaintiff's complaint for failure to state any claim upon which relief can be granted. In support of her motion, the defendant relies upon the following memorandum in support:

**I.      STATEMENT OF THE CASE AND MATERIAL ALLEGATIONS**

The plaintiff, Kirk Donovan Ramey ("plaintiff"), parked his vehicle at Kroger in Hardy, Virginia, and began walking through the parking lot to the store. ECF 1 (Complaint) at ¶¶ 8, 11.

It was wet and dark at the time, and plaintiff's view of his chosen path of travel was partially obstructed by overgrown shrubbery. *Id*. at ¶¶ 12, 14.

Defendant was operating a 2010 Ford Expedition. *Id*. at ¶ 15. Plaintiff alleges Defendant was traveling too fast for conditions, disregarded a stop sign, and turned into the lane where the plaintiff was walking. *Id*. ¶¶ 14-17.

Defendant drove directly into the plaintiff causing him to stumble and fall to the ground. *Id.* ¶ 16.

Plaintiff's fall caused him to feel pain at surgical sites from recent neck and back surgery. *Id.* ¶¶ 18-20.

Conclusory allegations that the defendant drove recklessly, wantonly failed to stop, and so forth, are set forth in ¶ 37 of the complaint. Plaintiff further alleges in a conclusory manner that, "from her knowledge of existing condition, she [defendant] knew she would probably cause injury to another." *Id.* at ¶ 36.

## II. LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

A defendant may test the sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In making this determination, the Court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 182 (4th Cir. N.C. 2009). The Court need not accept legal conclusions, formulaic recitation of the elements of a cause of action, or "bare assertions devoid of further factual enhancements," however, as those are not well-pled facts for purposes of a motion to dismiss pursuant to Rule 12(b)(6). *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (*citing Iqbal*, 556 U.S. at 678).

Furthermore, plaintiffs must plead enough facts to "nudge[] their claims across the line from conceivable to plausible," and the Court should dismiss a complaint that is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a

complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In determining whether the plaintiff has met this plausibility standard, the court must take as true all well-pleaded facts in the complaint and in any documents incorporated into or attached to the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III. ARGUMENT AND AUTHORITIES

Plaintiff alleges in Count III of his complaint that Olinger was guilty of willful and wanton negligence.

Willful and wanton negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another. *Woods v. Mendez,* 265 Va. 68, 76 (2003)(internal citations omitted).

As Judge Yoon recently wrote:

> This tort [willful and wanton negligence] involves a greater degree of culpability than gross negligence, "particularly in the sense that . . . an actual or constructive consciousness of the danger involved is an essential ingredient of the act or omission.' In other words, it "generally involves some type of egregious conduct." It is difficult for a plaintiff to show that a defendant's conduct meets this heightened standard.

*Allen v. Barksdale*, Civil Action No. 5:25-cv-00001, 2025 U.S. Dist. LEXIS 125005, at *8-9 (W.D. Va. July 1, 2025)(cleaned up).

Put very simply, to sustain a civil action for willful and wanton negligence, the complaint requires factual allegations that, if true, support the plausible inference that the defendant was aware their course of conduct was going to result in injury to another, and yet persisted in that course of conduct.

3

The sufficiency of a complaint alleging willful and wanton conduct is most frequently addressed in the context of whether a plaintiff has sufficiently alleged conduct which could support an award of punitive damages at common law in Virginia. *Huffman v. Love*, 245 Va. 311, 314 (1993); *Booth v. Robertson*, 236 Va. 269, 273 (1988); *Alfonso v. Robinson*, 257 Va. 540, 546-47 (1999).

While punitive damages are not alleged in this matter, these cases are still instructive because an award of punitive damages at common law in Virginia must be predicated upon at least willful and wanton conduct.

In *Hack v. Nester*, 241 Va. 499 (1991), the Virginia Supreme Court found the plaintiff's evidence at trial was insufficient to support an award of punitive damages. There, the evidence showed that the defendant consumed most of a pitcher of beer shortly before the accident, had two prior drunk driving convictions, operated a vehicle at night without a left headlight and while suffering from night blindness, and then collided head-on with the plaintiff's vehicle on a curve while on the plaintiff's side of the highway. *Id.*

In *Puent v. Dickens*, 245 Va. 217 (1993), the Virginia Supreme Court held the plaintiff's evidence was insufficient to permit an award of common law punitive damages. In that case, the evidence showed that the defendant's blood alcohol concentration was 0.24%; the defendant rear-ended the plaintiff's stopped vehicle while "going very fast" and without attempting to stop; and the defendant attempted to leave the scene of the accident.

In *Doe v. Isaacs*, 265 Va. 531 (2003), the Virginia Supreme Court entered final judgment for the defendant on the plaintiff's claim for common law punitive damages where the evidence showed that the defendant did not keep a proper lookout for vehicles nearly stopped ahead of

him, he did not keep his vehicle under proper control, he probably was intoxicated to some extent, and he feloniously left the scene of the accident.

The intentional violation of a traffic law, without more, is not willful and wanton negligence. See *Harris v. Harman*, 253 Va. 336 (Va. 1997).  See also *Carrolla v Rogers*, 61 Va. Cir. 447, 2003 WL 22382755, Cir. Rke. City CL99000491-00 (Apr. 16, 2003)(punitive damages claim struck where evidence only demonstrated "driving at an excessive speed, weaving, failing to brake prior to collision, and intoxication at an unknown level.")

In light of the foregoing authorities, the plaintiff's complaint here is deficient and fails, as a matter of law, to state against the defendant a claim for willful and wanton negligence because the factual allegations contained therein, if proved, would not establish that the defendant's conduct was sufficiently egregious.

The plaintiff's conclusory allegations in paragraph 37 of his complaint that the plaintiff's "recklessly drove the Ford […]", "wantonly failed to stop," and "wantonly drove the Expedition in an oncoming left lane," are the sort of legal conclusions, formulaic recitation of the elements of a cause of action, or "bare assertions devoid of further factual enhancements," that the Court must disregard as not well-pled facts for purposes of a motion to dismiss pursuant to Rule 12(b)(6).  *Nemet Chevrolet, Ltd.,* 591 F.3d at 255.

By contrast, in *Mayo v. Commonwealth*, 218 Va. 644 (1977), the Virginia Supreme Court was satisfied that the defendant's conduct was sufficiently serious to support a conviction for reckless driving (which mirrors the willful and wanton standard).  There, Mayo was racing on a city street bordered by sidewalks in a residential subdivision with numerous intersections at a time with heavy traffic.  Moreover, the defendant's rapid acceleration, braking, and dangerous maneuvers resulted in near-miss incidents prior to the subject accident. *Id*. at 648-49.

Similarly, in *O'Connell v. Commonwealth*, 48 Va. App. 719 (2006), the Virginia Court of Appeals upheld a conviction for involuntary manslaughter (again, requiring willful and wanton conduct) where the defendant was drunk, racing another vehicle at over 100 miles per hour in a residential area on a busy street during the winter where the shoulder of the road were covered in snow and ice. Moreover, in *O'Connell*, the defendant had pre-arranged the race.

Nothing in the plaintiff's complaint supports the notion that the Defendant's conduct was sufficiently egregious that injury was likely to occur, that she was on notice that her egregious conduct would like result in injury to another, and yet persisted in the court of conduct.

Rather, the plaintiff's well-pled factual allegations support, at best, state a cause of action for simple negligence against Olinger.

## CONCLUSION

For these reasons, this Court should grant Defendant Lindsey Olinger's Motion to Dismiss, and dismiss with prejudice, the plaintiff's Count III claims for willful and wanton negligence for failing to state any claims upon which relief can be granted.

    Respectfully submitted,

    LINDSEY OLINGER

    By: _____/s/_____
    Joseph A. Piasta, Esquire
    Virginia State Bar No.: 80801
    JOHNSON, AYERS & MATTHEWS, P.L.C.
    P. O. Box 2200
    Roanoke, VA 24009
    Telephone: 540-767-2000
    Facsimile: 540-982-1552
    Email: jpiasta@jamlaw.net
    *Counsel for Defendant Lindsey Olinger*

## **CERTIFICATE OF SERVICE**

I certify that on February 6, 2026 I electronically filed the foregoing Motion to Dismiss and Memorandum in Support with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all registered counsel and parties of record herein.

_____/s/_____
Joseph A. Piasta
