UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KIRK DONOVAN RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:25-cv-00653 |
| | ) | |
| v. | ) | |
| | ) | |
| LINDSEY OLINGER, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER

Defendant Lindsey Olinger ("Olinger" or "defendant"), comes now, by counsel, pursuant to Rules 8(b) and 12(b)(6) of the Federal Rule of Civil Procedure ("Fed. R. Civ. P."), and other applicable law, and for her Answer to the plaintiff's complaint, states as follows:

The first, unnumbered paragraph of the plaintiff's complaint is a statement of the case and legal conclusions, a response to which by the defendant is not required.  To the extent a response is deemed required, defendant denies the allegations contained therein insofar as they are directed against her, and is without knowledge or information sufficient to form a belief as to their truth to the extent they relate to others.

### JURISDICTION AND VENUE

1.      The allegations contained in paragraph 1 of the plaintiff's complaint are conclusions of law, a response to which by the defendant is not required.  To the extent a response is deemed required, the defendant admits the plaintiff's cause of action is governed by Virginia substantive law.

2.      To the extent the allegations contained in paragraph 2 of the plaintiff's complaint consist of legal conclusions, a response to which by the defendant is not required. To the extent a response is deemed required, the defendant admits only that she is a resident of Virginia.  She is without knowledge or information sufficient to form a belief as to the truth to the extent the allegations therein relate to others.

3.      To the extent the allegations contained in paragraph 3 of the plaintiff's complaint consist of legal conclusions, a response by the defendant is not required. To the extent a response is deemed required, the defendant admits only that she is a resident of Shenandoah County, Virginia, and an accident occurred in Franklin County, Virginia.  She is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 3 to the extent the allegations therein relate to others.

## PARTIES

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 4 of the plaintiff's complaint and therefore denies the same.

5.      Defendant admits the allegations contained in Paragraph 5 of the plaintiff's complaint.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the plaintiff's complaint and therefore denies the same.

## FACTS

7.      Regarding the allegations contained in paragraph 7 of the plaintiff's complaint, she admits only that the content of surveillance video footage, to the extent it exists, speaks for itself.

8.      Regarding the allegations contained in paragraph 8 of the plaintiff's complaint, defendant admits only that the plaintiff was, at or near the time and place alleged, a pedestrian.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's complaint and therefore denies the same.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's complaint and therefore denies the same.

11.     The allegations contained in paragraph 11 are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, defendant denies them insofar as they are directed at her, and is without knowledge or information sufficient to form a belief as to their truth to the extent they relate to others

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's complaint and therefore denies the same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's complaint and therefore denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's complaint and therefore denies the same.

15.     Regarding the allegations contained in paragraph 15 of the plaintiff's complaint, defendant admits only that she was operating a motor vehicle on the date in question.

16.     Regarding the allegations contained in paragraph 16, defendant admits only that an accident occurred, but denies that it occurred as alleged and denies that she was negligent.

17.     Defendant denies the allegations in paragraph 17 of the plaintiff's complaint.

18.     Defendant admits only that the plaintiff fell but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the plaintiff's complaint and therefore denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the plaintiff's complaint and therefore denies the same.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint and therefore denies the same.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the plaintiff's complaint and therefore denies the same.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the plaintiff's complaint and therefore denies the same.

23.     Defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint and demands strict proof of each and every element of injury alleged.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the plaintiff's complaint and therefore denies the same.

## COUNT ONE

### NEGLIGENCE OF DEFENDANT KROGER LIMITED PARTNERSHIP I
### (Virginia Common Law Claim)

25.     Defendant incorporates by reference her foregoing responses to the plaintiff's complaint as though more full set forth herein.

26.     Defendant denies the allegations contained in paragraph 26 insofar as they are directed against her, and is without knowledge or information sufficient to form a belief as to their truth to the extent they relate to others.

27.     Defendant denies the allegations contained in paragraph 27 insofar as they are directed against her, and is without knowledge or information sufficient to form a belief as to their truth to the extent they relate to others.

28.     Defendant denies the allegations contained in paragraph 28 insofar as they are directed against her, and is without knowledge or information sufficient to form a belief as to their truth to the extent they relate to others.

29.     Defendant denies the allegations contained in paragraph 29 insofar as they are directed against her, and is without knowledge or information sufficient to form a belief as to their truth to the extent they relate to others.

## COUNT TWO

### NEGLIGENCE OF DEFENDANT LINDSEY OLIVER [sic]
(Virginia Common Law Claim)

30.    Defendant incorporates by reference her foregoing responses to the plaintiff's complaint as though more full set forth herein.

31.    Regarding the allegations contained in paragraph 31 of the plaintiff's complaint, defendant admits only that she owed such duties required by law.

32.    Regarding the allegations contained in paragraph 32 of the plaintiff's complaint, defendant admits only that an accident occurred but denies it occurred as alleged and she denies was negligent as alleged.

33.    Defendant denies the allegations contained in paragraph 33 of the plaintiff's complaint.

## COUNT THREE

### WILLFUL AND WANTON NEGLIGENCE OF DEFENDANT LINDSAY OLIVER [sic]
(Virginia Common Law Claim)

34.    Defendant incorporates by reference her foregoing responses to the plaintiff's complaint as though more full set forth herein

35.    Regarding the allegations contained in paragraph 35 of the plaintiff's complaint, defendant admits only that she owed such duties required by law.

36.    Regarding the conclusory allegations contained in paragraph 36 of the plaintiff's complaint, defendant incorporates by reference her previously filed motion to dismiss pursuant to Rule 12(b)(6) in that the well-pled, non-conclusory allegations in the plaintiff's complaint fail to state a claim upon which relief could be granted for willful and wanton negligence.  Without

waiving her motion, defendant admits only that an accident occurred but denies that it occurred as alleged, denies that she was negligent, and denies that her conduct was willful and wanton.

37.    Regarding the conclusory allegations contained in paragraph 37 of the plaintiff's complaint, defendant incorporates by reference her previously filed motion to dismiss pursuant to Rule 12(b)(6) in that the well-pled, non-conclusory allegations in the plaintiff's complaint fail to state a claim upon which relief could be granted for willful and wanton negligence.  Without waiving her motion, defendant admits only that an accident occurred but denies that it occurred as alleged, denies that she was negligent, and denies that her conduct was willful and wanton.

38.    Defendant denies the allegations contained in paragraph 38 insofar as the allegations are directed at her, and is without knowledge and information sufficient to form a belief as to their truth to the extent they relate to others.

39.    The allegations contained in the paragraphs following paragraph 38 are conclusions of law and a prayer for relief, for which no response is required; to the extent they may be deemed allegations of fact, defendant denies them, and denies that she is liable to plaintiff or anyone else for the amount sued or any other amount.

40.    Defendant denies that the plaintiff is entitled to recover from her the amounts alleged in the plaintiff's complaint, any interest or costs, or any other sum whatsoever.

41.    Defendant denies that she was guilty of any of the acts of negligence alleged in the plaintiff's complaint, or of any negligence whatsoever that proximately contributed to the accident in question.

42.    Defendant reserves the right to assert that a third person or persons, for whose negligence she was not responsible, were guilty of negligence which caused the accident in question and the plaintiff thus is not entitled to any recovery from her.

43.     Defendant asserts that she will rely upon the defenses of contributory negligence and voluntary assumption of the risk of the accident at trial.

44.     Defendant denies that the plaintiff was injured and damaged as alleged in the plaintiff's complaint and calls upon the plaintiff for strict proof of each and every item of alleged injury and damage.

45.     Defendant reserves the right to assert that the plaintiff failed to mitigate his alleged damages, and to the extent of such failure, the plaintiff is not entitled to any recovery in this action.

46.     Defendant asserts that she will rely upon any affirmative defenses available from pretrial discovery or trial if reliance upon such defenses is appropriate.

47.     Defendant asserts the plaintiff's complaint fails to state a claim against her upon which relief could be granted.

48.     Defendant denies all allegations in the complaint not expressly admitted herein.

49.     Defendant hereby demands a trial by jury.

Respectfully submitted,

LINDSEY OLINGER

By: _____/s/_____
Joseph A. Piasta, Esquire
Virginia State Bar No.: 80801
JOHNSON, AYERS & MATTHEWS, P.L.C.
P. O. Box 2200
Roanoke, VA 24009
Telephone:     540-767-2000
Facsimile:     540-982-1552
Email:          jpiasta@jamlaw.net
          *Counsel for Defendant Lindsey Olinger*

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 6, 2026 I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all registered counsel and parties of record herein.

_____/s/_____

Joseph A. Piasta