AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
October 22, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

709878

RECEIVED C
OCT 14 2026
Lynchburg Sheriff's Office

Kirk D. Ramey
*Plaintiff*
v.
Lindsey Olinger and Kroger Limited Partnership I
*Defendant*

Civil Action No. 7:25-cv-00653

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: OrthoVirginia Attn. Custodian of Records, 2405 Atherholt Road
Lynchburg, VA 24501 (Lynchburg City Sheriff)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached

| Place: Johnson, Ayers & Matthews, PLC, 310 First Street, SW, Suite 700, Roanoke, VA 24011; OR, P.O. Box 2200, Roanoke, VA 24009; Attn: Suzy Sauerwald, Paralegal | Date and Time: 11/02/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/08/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lindsey Olinger, who issues or requests this subpoena, are:

Joseph A. Piasta, Esq. Johnson, Ayers & Matthews POBox 2200 Roanoke VA 24009 5407672000 jpiasta@jamlaw.net

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:25-cv-00653

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* OCtho VA
on *(date)* 10·14·26 .

☒ I served the subpoena by delivering a copy to the named person as follows: Kali' Abbott - Reg. coord.
on *(date)* 10-19-26 ; or

❒ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10-19-26

*Server's signature*

S. Hudson Sgt for VA

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT

**all medical files**, charts, records, reports, office notes, emergency room records, laboratory reports, statements, **billing records**, referrals, attorney correspondence, radiography reports and films (including without limitation x-rays, MRI scans, CT scans, and other imaging studies – **see below**), and any electronically stored information including information stored in zip drives, computer disks, work based computer systems, email, attachments, applications programs, digitally stored voice mail and sound recordings and documents of whatever type or description, or true copies of the same, pertaining to all referrals, opinions, examinations, tests, and treatment of **Kirk Donovan Ramey**, Social Security Number: *****-**-4527**, Date of Birth: **05/20/1964**, *regardless of whether the records predate the alleged trauma underlying the subject lawsuit or followed it,* and all subsequent records until the time of trial.

*ALSO, PLEASE NOTE THAT THE SUBPOENA REQUESTS ALL FILMS, INCLUDING X-RAYS, MRI SCANS, CT SCANS, AND OTHER IMAGING STUDIES; WE DO WISH TO HAVE THESE FILMS PRODUCED AT THIS TIME, AND WE RESERVE THE RIGHT TO REQUEST ADDITIONAL FILMS AT A LATER DATE.*

***PLEASE NOTE**: IF THE COST OF THE COPIES MAY EXCEED $100.00, PLEASE CONTACT OUR OFFICE SO THAT WE MAY DISCUSS WHETHER OR NOT WE WISH TO OBTAIN ALL OF THE RECORDS.*

**NOTICE TO HEALTH CARE ENTITIES:**

**A COPY OF THIS SUBPOENA DUCES TECUM HAS BEEN PROVIDED TO THE INDIVIDUAL WHOSE HEALTH RECORDS ARE BEING REQUESTED OR HIS COUNSEL. YOU OR THAT INDIVIDUAL HAS THE RIGHT TO FILE A MOTION TO QUASH (OBJECT TO) THE ATTACHED SUBPOENA. IF YOU ELECT TO FILE A MOTION TO QUASH, YOU MUST FILE THE MOTION WITHIN 15 DAYS OF THE DATE OF THIS SUBPOENA.**

**YOU MUST NOT RESPOND TO THIS SUBPOENA UNTIL YOU HAVE RECEIVED WRITTEN CERTIFICATION FROM THE PARTY ON WHOSE BEHALF THE SUBPOENA WAS ISSUED THAT THE TIME FOR FILING A MOTION TO QUASH HAS ELAPSED AND THAT:**

**NO MOTION TO QUASH WAS FILED; OR**

**ANY MOTION TO QUASH HAS BEEN RESOLVED BY THE COURT OR THE ADMINISTRATIVE AGENCY AND THE DISCLOSURES SOUGHT ARE CONSISTENT WITH SUCH RESOLUTION.**

**IF YOU RECEIVE NOTICE THAT THE INDIVIDUAL WHOSE HEALTH RECORDS ARE BEING REQUESTED HAS FILED A MOTION TO QUASH THIS SUBPOENA, OR IF YOU FILE A MOTION TO QUASH THIS SUBPOENA, YOU MUST SEND THE HEALTH RECORDS ONLY TO THE CLERK OF THE COURT OR ADMINISTRATIVE AGENCY THAT ISSUED THE SUBPOENA OR IN WHICH THE ACTION IS PENDING AS SHOWN ON THE SUPBOENA USING THE FOLLOWING PROCEDURE:**

**PLACE THE HEALTH RECORDS IN A SEALED ENVELOPE AND ATTACH TO THE SEALED ENVELOPE A COVER LETTER TO THE CLERK OF COURT OR ADMINISTRATIVE AGENCY WHICH STATES THAT CONFIDENTIAL HEALTH RECORDS ARE ENCLOSED AND ARE TO BE HELD UNDER SEAL PENDING A RULING ON THE MOTION TO QUASH THE SUBPOENA. THE SEALED ENVELOPE AND THE COVER LETTER SHALL BE PLACED IN AN OUTER ENVELOPE OR PACKAGE FOR TRANSMITTAL TO THE COURT OR ADMINISTRATIVE AGENCY.**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA -ROANOKE DIVISION

KIRK D. RAMEY,
Plaintiff,

v. Case No. 7:25-cv-00653

LINDSEY M. OLINGER,
and KROGER LIMITED PARTNERSHIP I,
Defendants.

AFFIDAVIT

STATE OF ____________ )
) to-wit:
COUNTY/CITY OF ____________ )

Personally appeared before me _____________________ of ____________________________,

who makes the following oath:

1. I, ______________________________, am the custodian of the attached hospital or medical facility records regarding the above-named plaintiff that were made, received or transmitted in the regular course of business;
2. That the information contained in the record(s) is (are) true and accurate and fully descriptive as to the nature, extent and treatment of said person; and
3. That the copies of records and statements of costs attached hereto are true, authentic, and accurate copies of the original hospital or other medical facility records and statements of cost.

_____________________________
Records Custodian

____________________________________
Printed Name

SUBSCRIBED AND SWORN to before me this ______ day of _________________, 2026.

_____________________________
NOTARY PUBLIC

My commission expires:

_________________

My ID number:

_____________________

# Model Attestation Regarding a Requested Use or Disclosure of Protected Health Information Potentially Related to Reproductive Health Care

*The entire form must be completed for the attestation to be valid.*

| Name of person(s) or specific identification of the class of persons to receive the requested PHI. |
|---|
| *e.g., name of investigator and/or agency making the request*<br>Joseph A. Piasta, Esquire/Johnson, Ayers & Matthews |
| Name or other specific identification of the person or class of persons from whom you are requesting the use or disclosure. |
| *e.g., name of covered entity or business associate that maintains the PHI and/or name of their workforce member who handles requests for PHI*<br>Healthcare provider: OrthoVirginia |
| Description of specific PHI requested, including name(s) of individual(s), if practicable, or a description of the class of individuals, whose protected health information you are requesting. |
| *e.g., visit summary for [name of individual] on [date]; list of individuals who obtained [name of prescription medication] between [date range]* Any and all billing/patient accounting records as well as any and all medical records from 01/01/2010 - present relating to: Kirk Donovan Ramey |

I attest that the use or disclosure of PHI that I am requesting is not for a purpose prohibited by the HIPAA Privacy Rule at 45 CFR 164.502(a)(5)(iii) because of one of the following (check one box):

☒ The purpose of the use or disclosure of protected health information is **not** to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care or to identify any person for such purposes.

☐ The purpose of the use or disclosure of protected health information **is** to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care, or to identify any person for such purposes, but the reproductive health care at issue was **not lawful** under the circumstances in which it was provided.

I understand that I may be subject to criminal penalties pursuant to 42 U.S.C. 1320d-6 if I knowingly and in violation of HIPAA obtain individually identifiable health information relating to an individual or disclose individually identifiable health information to another person.

*Signature of the person requesting the PHI*

[signature] Date October 8, 2026

*If you have signed as a representative of the person requesting PHI, provide a description of your authority to act for that person.*

______________________________

*This attestation document may be provided in electronic format, and electronically signed by the person requesting protected health information when the electronic signature is valid under applicable Federal and state law.*

**CERTIFICATE**

The undersigned hereby certifies that a true copy of the foregoing Attorney-issued Subpoena Duces Tecum was sent by email and regular mail via USPS to the following, this 8th day of October, 2026:

M. Paul Valois, Esq. (VSB No. 72326)
James River Legal Associates
7601 Timberlake Rd.
Lynchburg, VA 24502
mvalois@vbclegal.com
*Counsel for Plaintiff*

Victor S. "Dinny" Skaff, III, Esq. (VSB No. 40054)
Glenn Robinson Cathey Skaff & White PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Ste. 100
Roanoke, VA 24016
vskaff@glennrob.com
*Counsel for Defendant Kroger Limited Partnership I*

Joseph A. Piasta (VSB No. 80801)
Johnson, Ayers & Matthews, P.L.C.
310 First Street, S.W., Suite 700
Roanoke, VA 24011
P. O. Box 2200
Roanoke, VA 24009
Ph: (540) 767-2071
Fx: (540) 982-1552
jpiasta@jamlaw.net
*Counsel for Defendant Lindsey M. Olinger*